IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CECIL D. HENRY,

Plaintiff,

vs.

KCPD, JONATHAN CAMPBELL, Officer, in his individual and official capacities; KANSAS CITY, MISSOURI, and JOHN DOE 1-10, Officers;

Defendants.

**8:26CV711**

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Cecil D. Henry's pro se Complaint, Filing No. 1, and motion for leave to proceed in forma pauperis, Filing No. 2. Plaintiff mailed his Complaint to this Court, but the Complaint is captioned in the United States District Court for the Western District of Missouri. *See* Filing No. 1 at 1, 13. Plaintiff asserts claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, and malicious prosecution against the City of Kansas City, Missouri, and members of the Kansas City Police Department. As explained below, this Court lacks venue over Plaintiff's action and will transfer this case to the United States District Court for the Western District of Missouri.

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, *sua sponte*. *See De La Cruz v.*

*United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff alleges the events giving rise to his claims occurred in Kansas City, Missouri, and he alleges all parties reside in Kansas City, Missouri, which is situated in the federal judicial district for the Western District of Missouri. 28 U.S.C. § 105(b)(1). It is clear from the Complaint's allegations that no party resides in the District of Nebraska and a substantial part of the events giving rise to the causes of action did not occur in this district. Therefore, venue is not proper in this district and the Court will transfer this case to the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

IT IS THEREFORE ORDERED that:

1. This matter is transferred to the United States District Court for the Western District of Missouri.

2. The Clerk of the Court is directed to take all necessary steps to transfer this matter to the United States District Court for the Western District of Missouri.

3. Because this case is being transferred, the Court will leave any determination on Plaintiff's pending motion for leave to proceed in forma pauperis, Filing No. 2, to the receiving court.

4. The Clerk of the Court shall close and terminate this case in the District of Nebraska.

Dated this 17th day of November, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge